UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN LEWIT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| PEPSICO, INC. d/b/a GATORADE, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

In this action for patent infringement, Plaintiff Benjamin Lewit ("Lewit") complains of Pepsico, Inc. d/b/a Gatorade. ("Gatorade") as follows:

## JURISDICTION AND VENUE

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction, resides and does business in this judicial district, and has committed acts of infringement in this judicial district.

## PARTIES

3.      Lewit is an individual residing in the state of Oregon.  Lewit owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 6,244,467 ("the '467 Patent").

4.      Pepsico, Inc. d/b/a Gatorade is a Delaware Corporation having a place of business at 555 W. Monroe St., Chicago, IL 60661. Gatorade designs, develops, offers for sale, and sells nationwide, including the conduct of substantial business in this judicial district, products that are covered by at least claim 1 of the '467 Patent, including a product identified as Gatorade G Series Prime 01/4 oz. pouch.

**PATENT INFRINGEMENT**

5.      Lewit owns all right, title, and interest in and has standing to sue for damages for any past, present and future infringement of the '467 Patent entitled "Material Container and Dispenser Having a Litterless Closure" which issued on June 12, 2001.  A true and correct copy of the '467 Patent is attached as Exhibit A.

6.      Gatorade has made, used, offered for sale, and/or sold products including, but not limited to, the Gatorade G Series Prime 01/4 oz. pouch ("Prime 01") (See Ex. B). These acts by Gatorade directly infringe at least independent claim 1 of the '467 Patent within the meaning of 35 U.S.C. §271(a).

7.      On or about January 5, 2011, Lewit advised Gatorade of its infringement of the '467 Patent and offered, via letter to Ms. Robb O'Hagan the Chief Marketing Officer of Gatorade, to license the '467 Patent to Gatorade.  Gatorade refused to accept a license and continues to infringe the '467 Patent.

8.      Gatorade's infringement of the '467 Patent has injured Lewit, and Lewit is entitled to recover damages adequate to compensate him for such infringement, but in no event less than a reasonable royalty, together with interests and costs as fixed by the Court.

9.      By reason of Gatorade's knowledge of the '467 Patent, its acts of infringement are willful and entitles Plaintiff to receive an award of increased damages under 35 U.S.C. § 284.

10.     Gatorade's acts of infringement are continuing and will continue to cause irreparable harm and injury to Plaintiff unless enjoined by this Court.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Benjamin Lewit respectfully requests this Court enter judgment on this Complaint against Defendant, as follows:

A.     The entry of judgment in favor of Lewit.

B.     An award to Lewit of such damages as he shall prove at trial against Defendant that is adequate to compensate for its infringement of the '467 Patent, said damages to be no less than a reasonable royalty, together with prejudgment interest from the date infringement of the '467 Patent began;

C.     An award of increased damages for Defendant's willful infringement of the '467 Patent pursuant to 35 U.S.C. § 284.

D.     A permanent injunction prohibiting Defendant and its officers, directors, agents, servants, employees, and all persons in active concert or participation with them, from further infringement, inducement of infringement and/or contributory infringement of the '467 Patent;

E.     A determination that this case is exceptional pursuant to 35 U.S.C. § 285 and an award to Lewit of the costs of this action and his reasonable attorneys' fees; and

F.     Such other relief as Lewit is entitled to recover under any applicable law and as this Court and/or a jury may determine to be proper and just.

## JURY DEMAND

Lewit hereby demands a trial by jury on all issues triable to a jury in this case.

Dated: December 12, 2011    Respectfully submitted,

/s/ William L. Niro
William L. Niro
Christopher W. Niro
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

Robert E. Kabacy (*Pro Hac Vice Pending*)
KELL, ALTERMAN & RUNSTEIN, LLP.
520 S.W. Yamhill
Portland, Oregon 97204
Telephone: (503) 222-3531
Facsimile: (503) 227-2980

*Attorneys for Plaintiff Benjamin Lewit*

4